'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NELLY HERRERA,

        Petitioner,

   v.

UNITED STATES OF AMERICA;
and TRACY WILKISON,

      Respondents.

CV 21-10055-RSWL
CV 02-00531-RSWL-2

**ORDER re: Petition for
Writ of Error Coram Nobis**
[1]

Currently before the Court is Nelly Herrera's ("Petitioner") Petition for Writ of Error Coram Nobis (the "Petition") [1].  Having reviewed all papers submitted pertaining to this Petition, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** the Petition.

## I.  BACKGROUND

On March 19, 2003, Petitioner was convicted on all twenty-eight counts of the indictment, which concerned a drug conspiracy in violation of 21 U.S.C. §§ 846,

1

841(a)(1), (c)(2), and 18 U.S.C. § 2.  See Indictment, ECF No. 1; Verdict, ECF No. 133.  The Court then sentenced her to 360 months' imprisonment.  See J. & Commitment, ECF No. 181.  The Ninth Circuit affirmed the judgment and remanded on the limited issue of whether the sentence would have been materially different had the Court known the sentencing guidelines were advisory. United States v. Herrera, 238 F. App'x 281, 284-85 (9th Cir. 2007).  Thereafter, on October 30, 2007, this Court reimposed the same sentence, see Order, ECF No. 283, and the Ninth Circuit affirmed on October 21, 2008, see Mandate, ECF No. 311.

On October 2, 2017, Petitioner filed a Motion to Void Criminal Judgment [464] under Rule 60(b)(4) of the Federal Rules of Civil Procedure, challenging her conviction and sentence by arguing primarily that the Court lacked jurisdiction.  The Court construed this Motion as a 28 U.S.C. § 2255 motion (i.e., the appropriate avenue to challenge jurisdiction in imposing a sentence) as opposed to a Rule 60(b)(4) motion, which only applies to vacating civil judgments.  See Order re: Def.'s Mot. to Void Criminal J. 2:21-3:8, ECF No. 473. The Court then denied this Motion, finding it was barred by the statute of limitations and lacked merit because the Court did have jurisdiction.  See id. at 3:9-4:17.

On March 9, 2018, Petitioner filed a Motion for Reconsideration [477], again arguing that the Court lacked subject matter jurisdiction and that the Judgment

was therefore void.  The Court denied this Motion,
determining that Petitioner did not offer any newly
discovered evidence or intervening change in the
controlling law to warrant reconsideration.  See Order
re: Def.'s Mot. for Recon. 3:26-4:4, ECF No. 482.
Petitioner then filed a second Motion for
Reconsideration [500], seeking to reduce her sentence
pursuant to 18 U.S.C. § 3742(e).  The Court denied this
Motion because § 3742(e) did not confer the Court with
authority to reconsider Petitioner's sentence post
appeal.  See Order re: Def.'s Mot. for Recon. 5:3-11,
ECF No. 510.

Petitioner filed a Motion for Compassionate Release
[521] on April 6, 2020.  The Court denied this Motion
because Petitioner had failed to satisfy exhaustion
requirements and compassionate release would have been
inappropriate under the 18 U.S.C. § 3553(a) factors.
See Order re: Def.'s Mot. for Compassionate Release 9:6-
28, 17:26-18:3, ECF No. 541.

Petitioner filed the instant Petition for Writ of
Error Coram Nobis [1] on December 17, 2021.  The
Government opposed [4] on March 3, 2022.  Petitioner
replied [5] on March 31, 2022.

## II.  DISCUSSION

### A.  Legal Standard

Coram nobis "provides a remedy for those suffering
from the lingering collateral consequences of an
unconstitutional or unlawful conviction based on errors

of fact and egregious legal errors." <u>United States v.</u>
<u>Walgren</u>, 885 F.2d 1417, 1420 (9th Cir. 1989) (internal
quotation marks and citation omitted).  Coram nobis is
an extraordinary writ that is typically available only
to petitioners who have fully served their sentences.
<u>United States v. Monreal</u>, 301 F.3d 1127, 1132 (9th Cir.
2002).  "To warrant coram nobis relief, the petitioner
must establish that: (1) a more usual remedy is not
available; (2) valid reasons exist for not attacking the
conviction earlier; (3) adverse consequences exist from
the conviction sufficient to satisfy the case or
controversy requirement of Article III; and (4) the
error is of a fundamental character."  <u>Id.</u>

**B.  <u>Discussion</u>**

Coram nobis relief is only available where "a more
usual remedy is not available."  <u>Monreal</u>, 301 F.3d at
1132.  Where a person is in custody, a more usual remedy
is available because relief may be sought pursuant to 28
U.S.C. § 2255.  <u>Matus-Leva v. United States</u>, 287 F.3d
758, 761 (9th Cir. 2002) ("Because the more usual remedy
of a habeas petition is available, the writ of error
coram nobis is not.").  This is true even where a habeas
petition would fail due to procedural defects.  <u>Id.</u> ("A
petitioner may not resort to coram nobis merely because
he has failed to meet the [Antiterrorism and Effective
Death Penalty Act]'s gatekeeping requirements.").

Here, Petitioner remains in custody and a writ of
error coram nobis is therefore unavailable to her.  <u>See</u>

4

1  id. ("Predictably, appellate courts, including ours,
2  have consistently barred individuals in custody from
3  seeking a writ of error coram nobis."). Alternatively,
4  if the Court were to construe the Petition as a § 2255
5  motion, the motion would fail because it is time-barred.
6  See Order re: Def.'s Mot. to Void Criminal J. 3:9-10
7  (finding a habeas petition brought by Petitioner in 2018
8  to be time-barred). Petitioner offers no explanation
9  for her failure to raise these arguments sooner, and the
10 Court sees none from the record.

11     Even if Petitioner were able to overcome these
12 procedural hurdles, the Petition lacks merit.
13 Petitioner argues that the charges brought against her
14 are void because the statutes she was found to have
15 violated were not properly implemented, and that the
16 Court lacked jurisdiction over her case. See Pet. for
17 Writ of Error Coram Nobis, ECF No. 1. But the Ninth
18 Circuit has long recognized that federal courts have
19 jurisdiction to adjudicate prosecutions under 21 U.S.C.
20 §§ 841 and 846. See United States v. Fernandez, 388
21 F.3d 1199, 1219 (9th Cir. 2004). Moreover, this Court
22 has previously rejected a similar jurisdictional
23 challenge raised by Petitioner. See Order re: Def.'s
24 Mot. to Void Criminal J. 4:1-8 (citations omitted)
25 ("Federal courts have exclusive jurisdiction over
26 offenses against the laws of the United States, like
27 [Petitioner]'s here. And this Court specifically has
28 jurisdiction over this case because [Petitioner]'s

offense occurred in this District."). The Petition
fails both procedurally and on the merits and is
therefore **DENIED.**

The Court notes that Petitioner raises many of the
same arguments here as she raised in her previous Motion
to Void Criminal Judgment [464] and Motion for
Reconsideration [477]. These arguments have also been
raised numerous times by Cenobio Herrera, a co-defendant
in this Action, whose repeated jurisdictional challenges
caused him to be declared a vexatious litigant. The
Court has rejected these arguments in every instance.
Petitioner is therefore warned that further filings
challenging the Court's jurisdiction over Petitioner's
case may result in an order to show cause why she should
not be declared a vexatious litigant.

### III.   CONCLUSION

Based on the foregoing, the Court **DENIES** the
Petition. Petitioner is also warned that further
filings challenging the Court's jurisdiction may result
in an order to show cause why she should not be declared
a vexatious litigant.

**IT IS SO ORDERED.**

DATED: April 11, 2022

/s/ Ronald S.W. Lew
_____
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge