'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NELLY HERRERA,<br><br>　　　　Defendant. | CR 02-531-RSWL-2<br><br>**ORDER re: Defendant Nelly Herrera's Motion for Sentence Reduction** [597] |

　　Currently before the Court is Defendant Nelly Herrera's ("Defendant") *pro se* Motion for Sentence Reduction ("Motion") based on Amendment 782 to the United States Sentencing Guidelines ("USSG") and the First Step Act [597].

　　First, the Court finds that Defendant is not eligible for a sentence reduction under Amendment 782 because the guidelines range applicable to her is not changed by Amendment 782. The original Pre-Sentence

Report ("PSR") relied on the Guidelines Manual that was in effect on November 1, 1997, in which an offense level of 38 was applied to offenses involving in excess of 15 kilograms of methamphetamine. USSG § 2D1.1 (Nov. 1997). The Post-Amendment 782 guidelines, as stated in the current edition of the Guidelines Manual effective November 1, 2021, applies an offense level of 38 to offenses involving in excess of 45 kilograms of methamphetamine. Defendant's offense involved 1,762.9 kilograms of methamphetamine, and thus under either Guidelines Manual, the highest level offense of 38 applies to him. See PSR ¶ 88, ECF No. 498; U.S.S.G. § 2D1.1 (Nov. 2021).

Next, the Court denies Defendant's Motion to the extent that she seeks a sentence reduction pursuant to the First Step Act. The First Step Act established a three-step process for a defendant seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A): (1) the defendant must exhaust administrative remedies; (2) a district court may grant compassionate release only if extraordinary and compelling reasons warrant such a reduction and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court must also consider the factors set forth in Section 3553(a) to the extent they are applicable. See United States v. Rodriguez, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019) (citations and internal quotation marks omitted).

1      To exhaust administrative remedies, a defendant must request compassionate release from the warden of her facility of incarceration and may not file a sentence reduction motion in the district court until at least thirty days after the warden receives the request. 18 U.S.C. § 3582(c)(1)(A). "[A] district court must enforce the administrative exhaustion requirement articulated in 18 U.S.C. § 3582(c)(1)(A) when the government properly invokes the requirement." United States v. Keller, 2 F.4th 1278, 1280 (9th Cir. 2021).

     Here, the Government has properly invoked the requirement, and Defendant is thus required to exhaust administrative remedies. Government's Opp'n to Def.'s Mot. ("Opp'n") 8:22-26, ECF No. 604. But Defendant has not pled that she has submitted an administrative request to her incarceration facility's warden, nor has she provided evidence that she made such a request. See generally Def.'s 2022 Mot. for Sentence Reduction ("Mot."), ECF No. 597. Therefore, the Court **DENIES** Defendant's Motion to reduce her sentence pursuant to the First Step Act.

///
///
///
///
///
///
///

Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Defendant's Motion for Sentence Reduction.

**IT IS SO ORDERED.**

DATED: February 7, 2023       /S/ RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge